UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

BENEDICT MCGILL
      **Plaintiff,**
vs.

DAVON L. CARROLL
  and
ESHAI CORP. d/b/a COURIER
DISTRIBUTION SYSTEMS
      **Defendants.**

CIVIL ACTION NO.

## DISCLOSURE STATEMENT FORM

Please check one box:

**X**    The nongovernmental corporate party, _Eshai Corp d/b/a Courier Distribution Systems_ in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☐    The nongovernmental corporate party, _____ in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

_June 21, 2017_            _[signature]_
Date                                      Signature

Counsel for: _Defendants, Davon L. Carroll and Eshai Corp._

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

  (a)  WHO MUST FILE; CONTENTS. A nongovernmental corporate party must file Two copies of a disclosure statement that:
      (1)  identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or

      (2)  states that there is no such corporation.

  (b)  TIME TO FILE; SUPPLEMENTAL FILING. A party must:
      (1)  file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and
      (2)  promptly file a supplemental statement if any required information changes.

{PH270096.1}

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Benedict McGill

### DEFENDANTS
Davon L. Carroll and Eshai Corp. d/b/a Courier Distribution Systems

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Mercer County, NJ
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Timothy A. Berger, Esquire of Paul, Flandreau & Berger, LLP
320 West Front Street, Media, PA 19063. 610-565-4750

Attorneys *(If Known)*
Marks O'Neill O'Brien Doherty & Kelly, PC
1617 JFK Blvd, Suite 1010, Philadelphia, PA 215-564-6688

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty **Other:** | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Motor vehicle accident.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 50,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 06/21/2018
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

1460-105224

| BENEDICT MCGILL | CIVIL ACTION |
|---|---|
| vs. | NO. |
| DAVON L. CARROLL AND ESHAI CORP. D/B/A COURIER DISTRIBUTION SYSTEMS | |

**NOTICE OF FILING NOTICE OF REMOVAL
TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA**

TO: Timothy A. Berger, Esquire
Paul, Flandreau & Berger, LLP
320 West Front Street
Media, PA 19063

**PLEASE TAKE NOTICE** that Davon L. Carroll and Eshai Corp. d/b/a Courier Distribution Systems, in the matter of Benedict McGill vs. Davon L. Carroll and Eshai Corp. d/b/a Courier Distribution Systems, originally pending in the Court of Common Pleas in the County of Bucks, Pennsylvania, under Docket No. 2018-01782, file in the United States District Court for the Eastern District of Pennsylvania, their Notice of Removal of said cause to the Eastern District of Pennsylvania. A copy of the Notice of Removal is attached hereto and served herewith.

MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY &, P.C.

By _____
Benjamin J. Tursi, Esquire
Attorney I.D. No.: 206999
One Penn Center
1617 JFK Boulevard, Suite 1010
Philadelphia, PA 19103
215-564-6688
Attorney for Defendants

{PH270101.1}

IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

1460-105224

| | |
|---|---|
| BENEDICT MCGILL | CIVIL ACTION |
| vs. | NO. |
| DAVON L. CARROLL AND ESHAI CORP. D/B/A COURIER DISTRIBUTION SYSTEMS | |

## NOTICE OF REMOVAL

AND NOW, Defendants, Davon L. Carroll and Eshai Corp. d/b/a Courier Distribution Systems, by and through their attorneys, MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C., hereby remove the above-captioned case to this Honorable Court and provide notice of same to counsel representing the Plaintiff. In support of the removal, the Defendants aver as follows:

1. The present action is removable from the Court of Common Pleas of Bucks County to this Court pursuant to 28 U.S.C. § 1441 (a) because: (a) there is complete diversity between the parties; and (b) a "reasonable reading" of the Complaint suggests that Plaintiff, Benedict McGill, is claiming an amount in controversy that exceeds $75,000.00. See 28 U.S.C. § 1332; Rigney v. Felcia, 433 F.Supp.2d 534, 536-37 (E.D. Pa. 2006) (holding that amount in controversy for purposes of removal based on 28 U.S.C. § 1332 is to be "ascertain[ed] from 'a reasonable reading' of the initial pleading ....") (quoting Angus v. Shiley, 989 F.2d 142, 146 (3d Cir. 1993)).

2. This is an action filed and now pending in the Bucks Court of Common Pleas, Docket No. 2018-01782.

3. A copy of Plaintiff's Complaint is attached hereto as Exhibit "A."

{PH270101.1}

4. This action was instituted by Complaint in the Court of Common Pleas of Bucks County on or about March 28, 2018 by Plaintiff filing a Complaint at the above docket number.

5. This Notice of Removal is being filed within thirty (30) days after receipt by the Defendants of the initial pleading setting forth the claim for relief upon which this action is based in accordance with 28 U.S.C. §1446(b).

6. This is a civil suit and involves controversy between citizens of different states.

7. Plaintiff, upon information and belief, was at the time of the commencement of the above action a citizen of the Commonwealth of Pennsylvania.

8. Defendant, Davon L. Carroll, was at the time of the commencement of the above action a citizen of New Jersey.

9. Eshai Corp. d/b/a Courier Distribution Systems is a corporation organized and existing under the laws of Wisconsin, with its principal place of business at 4222 Milwaukee Street #18, Madison, Wisconsin 53714.

10. The Complaint does not seek a specific amount of monetary damages; rather, Plaintiff only avers in the Complaint that the damages sought are in excess of $50,000.00.

11. Defendants allege and aver upon information and belief that the amount in controversy is in excess of $75,000.00, exclusive of interests and costs.

12. Based on Plaintiff's allegations, one "reasonable reading" of the Complaint suggests that Plaintiff is seeking in excess of $75,000. Rigney, 433 F.Supp.2d at 536-37.

13. The above-described Civil Action is one in which this Honorable Court has original jurisdiction pursuant to Title 28 United States Code Section 1332 based upon the fact that there exists diversity of citizenship between the parties and the amount in controversy is in excess of $75,000.00, exclusive of interests and costs, and is accordingly one which may be

{PH270101.1}

removed to this Honorable Court by Notice pursuant to Title 28, United States Code, Section 1441.

14. Promptly after filing this Notice of Removal in this Honorable Court, a copy of this Notice of Removal will be filed with the Court of Common Pleas of Bucks County, Commonwealth of Pennsylvania, in accordance with 28 United States Code, Section 1446(d).

15. Copies of all process, pleadings, and orders served upon Defendants as of the time of this removal are attached hereto in accordance with 28 United States Code, Section 1446(a).

16. Defendants have contemporaneously with the filing of this Notice of Removal given written notice to Plaintiff's counsel.

**WHEREFORE**, Defendants respectfully request that this action, currently docketed in the Court of Common Pleas of Bucks County be removed to the United States District Court for the Eastern District of Pennsylvania.

                        **MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY &, P.C.**

By _____/s/ Ben Tursi_____
           Benjamin J. Tursi, Esquire
           Attorney I.D. No.: 206999
           One Penn Center
           1617 JFK Boulevard, Suite 1010
           Philadelphia, PA 19103
           215-564-6688
           Attorney for Defendants

**IN THE UNITED STATED DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

1460-105224

| | |
|---|---|
| BENEDICT MCGILL | CIVIL ACTION |
| vs. | NO. |
| DAVON L. CARROLL AND ESHAI CORP. D/B/A COURIER DISTRIBUTION SYSTEMS | |

**CERTIFICATE OF SERVICE**

I hereby certify that this **21st day of June 2018**, a true and correct copy of the Defendants' Notice to Remove was served on all parties of record by first class mail, postage prepaid.

                                                     **MARKS, O'NEILL, O'BRIEN,**
                                                    **DOHERTY & KELLY &, P.C.**

                                    By _____/s/ Ben Tursi_____
                                                    Benjamin J. Tursi, Esquire
                                                    Attorney I.D. No.: 206999
                                                    One Penn Center
                                                    1617 JFK Boulevard, Suite 1010
                                                    Philadelphia, PA 19103
                                                    215-564-6688
                                                    Attorney for Defendants

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _____ 201 Woodbourne Road, Levittown, PA 19056 _____

Address of Defendant: _____ 26 Bryn Mawr Ave., Trenton, NJ 08618 and 4222 Milwaukee Street, #18, Madison, WI 53714 _____

Place of Accident, Incident or Transaction: Langhorne-Newtown Road, Route 413 approaching Route 322 in Middletown Township, Bucks County, PA

(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes ☐   No **X**

Does this case involve multidistrict litigation possibilities?     Yes ☐   No **X**

RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes ☐   No **X**

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐   No **X**

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes ☐   No **X**

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐   No **X**

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. **X** Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
(Check appropriate Category)

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____     _____     _____
                        Attorney-at-Law                         Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __6/21/18__     _Ben Tusi_ (signature)     __206999__
                               Attorney-at-Law                 Attorney I.D.#

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| BENEDICT MCGILL<br>201 Woodbourne Rd.<br>Levittown, PA  19056<br>  v.<br>DAVON L. CARROLL<br>26 Bryn Mawr Ave.<br>Trenton, NJ  08618<br>and<br>ESHAI CORP d/b/a<br>COURIER DISTRIBUTION SYSTEMS<br>4222 Milwaukee Street, #18<br>Madison, WI  53714 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.     ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.     ( )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.     ( )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court. (See reverse side of this form for a detailed explanation of special
     management cases.)     ( )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| | | |
|---|---|---|
| June 21, 2018 | _B. Tursi_ (signature) | Davon L. Carroll and Eshai Corp. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215)564-6688 | (215)564-2526 | btursi@moodklaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**EXHIBIT A**

PAUL, FLANDREAU & BERGER, LLP
BY: TIMOTHY A. BERGER, ESQUIRE
I.D. NO.: 72954
320 West Front Street
Media, PA 19063                                    Attorney for: Plaintiff
(610) 565-4750

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

| | |
|---|---|
| BENEDICT MCGILL<br>201 WOODBOURNE RD.<br>LEVITTOWN, PA 19056<br>    Plaintiff<br><br>v.<br><br>DAVON L. CARROLL<br>26 BRYN MAWR AVE.<br>TRENTON, NJ 08618<br><br>and<br><br>ESHAI CORP, d/b/a<br>COURIER DISTRIBUTION SYSTEMS<br>4222 Milwaukee Street, #18<br>Madison, WI 53714<br>    Defendants | No. |

## COMPLAINT

1. Plaintiff is Benedict McGill, an adult individual domiciled at the time of the accident at 201 Woodbourne Road, Levittown, PA 19056.

2. Defendant is Davon L. Carroll, an adult individual domiciled at 26 Bryn Mawr Avenue, Trenton, NJ 08618.

3. Defendant is ESHAI Corp. d/b/a Courier Distribution Systems (hereinafter referred to as "ESHAI"), a Wisconsin corporation with a Wisconsin registered office of 4222 Milwaukee Street, #18, Madison, WI 53714 and a registered office in Pennsylvania at 933 Brodhead Road, Coraopolis PA 15108.

4. The Court of Common Pleas has jurisdiction and venue since the actions of Defendants that gave rise to this matter occurred in Bucks County, Pennsylvania.

## BACKGROUND

5. The facts and occurrences that give rise to the present action took place on or about May 10, 2016 at approximately 12:17 P.M. at Langhorne-Newtown Road, Route 413 approaching Route 322 in Middletown Township, in Bucks County, Pennsylvania.

6. At the aforesaid time and place, Plaintiff Benedict McGill, was operating a 2011 Ford Ranger, traveling North on Langhorne-Newtown Road, Route 413 approaching Route 332.

7. At the aforesaid time and place, Defendant Mr. Carroll, was directly in front of Plaintiff while operating a 2015 Nissan, traveling North on Langhorne-Newtown Road, Route 413 approaching Route 332.

8. Upon information and belief, the 2015 Nissan, operated by Defendant Davon L. Carroll was owned by Defendant ESHAI, which also employed Defendant Davon L. Carroll.

9. As Plaintiff was stopped at a red signal, Defendant Mr. Carroll, backed up, making contact with the front bumper of Plaintiff's vehicle.

10. The accident and the resulting injuries were not caused or contributed to by any act or failure to act on the part of Plaintiff Benedict McGill.

11. As a direct and proximate result of the negligence and carelessness of Defendants, which negligence and carelessness is more fully set forth hereafter, Plaintiff Benedict McGill, sustained serious and permanent personal injuries, including but not limited to:

    (a) cervical strain;

    (b) left knee sprain with pain radiating down the front of his leg to his ankle and left foot;

(c) lumbar radiculopathy;

(d) anterior chest wall pain; and

(e) incarcerated ventral hernia.

12. As a direct and proximate result of Defendants' negligence as set forth more fully hereafter, Plaintiff, Benedict McGill, has in the past and may in the future be obligated to receive and undergo medical care and treatment in an effort to alleviate and/or cure the aforesaid injuries and has incurred and may incur in the future substantial additional expenses for such medical care and treatment.

13. As a direct and proximate result of the injuries that Plaintiff Benedict McGill sustained due to Defendants' negligence as more fully set forth hereinafter, Plaintiff has suffered and will continue to suffer mental anguish, emotional distress, embarrassment, anxiety, fear, concern, physical impairment, disability, inconvenience, great physical pain and suffering, for all of which he makes a claim for damages.

14. As a direct and proximate result of the injuries that Plaintiff Benedict McGill sustained and due to Defendants' negligence, Plaintiff has suffered and will continue to suffer dramatic impairment in his ability to enjoy life and life's pleasures, and to attend to his usual and customary activities, duties, and affairs, for which impairment he makes a claim for damages.

15. As a direct and proximate result of the injuries that Plaintiff Benedict McGill sustained due to Defendants' negligence as more fully set forth hereinafter, Plaintiff has suffered and will continue to suffer a loss of income and/or earning power, for which he makes a claim for damages.

16. At all times material to this action, Plaintiff Benedict McGill had elected the full tort insurance option and is thus eligible to seek compensation for non-economic loss.

## COUNT I

### PLAINTIFF BENEDICT MCGILL V. DAVON L. CARROLL

17. Plaintiff Benedict McGill hereby incorporates by reference as if set forth herein the averments in Paragraphs 1 through 16 above.

18. The injuries suffered by Plaintiff Benedict McGill were a direct and proximate result of the negligence and carelessness of Defendant Mr. Carroll, which negligence and carelessness consists of but is not limited to the following:

    (a) failing to obey a properly functioning traffic signal;

    (b) failing to yield the right of way;

    (c) failing to be attentive to motor vehicle operators on the roadway, including Plaintiff Benedict McGill;

    (d) operating his vehicle at an excessive rate of speed under the circumstances;

    (e) failing to have the vehicle under proper and adequate control;

    (f) negligently applying the brakes;

    (g) failing to operate the brakes in such a manner that his vehicle could be stopped in time to avoid the collision;

    (h) failing to operate said vehicle in a manner that would allow him to stop within an assured, clear distance ahead;

    (i) operating the vehicle at an unsafe speed;

    (j) failing to observe the care and caution required under the circumstances; and

(k)    operating his vehicle in a manner violating the motor vehicle codes of the Commonwealth of Pennsylvania.

WHEREFORE, Plaintiff Benedict McGill respectfully demands judgment in his favor and against Defendant Davon L. Carroll in an amount in excess of FIFTY THOUSAND Dollars ($50,000.00) plus costs, damages for delay, and applicable post-verdict interest.

## COUNT II

### PLAINTIFF BENEDICT MCGILL V. DEFENDANT ESHAI CORP. D/B/A COURIER DISTRIBUTION SYSTEMS

19.    Plaintiff hereby incorporates by reference as if set forth herein the averments in Paragraphs 1 through 18, above.

20.    Plaintiff hereby avers that at the aforesaid time and place and at all times relevant hereto, Defendant Davon L. Carroll was acting as an agent, employee, workman and/or servant of Defendant ESHAI and was acting within the course and scope of his employment, rendering Defendant ESHAI liable for Defendant Davon L. Carroll's negligence as set forth above and as specified herein.

21.    At all times pertinent to this action, Defendant Davon L. Carroll was the agent, employee, workman and/or servant of Defendant ESHAI and was acting within the course and scope of his employment, rendering Defendant Davon L. Carroll liable for Defendant Davon L. Carroll's negligence as set forth above and as specified herein.

22.    The injuries suffered by Plaintiff Benedict McGill were a direct and proximate result of the negligent, reckless, and careless conduct of Defendant ESHAI, which conduct consisted of but is not limited to the following:

(a)    entrusting its motor vehicle to Defendant Davon L. Carroll for use when it knew or in the exercise of reasonable care should have known that Defendant Davon L. Carroll

was incapable of operating said motor vehicle safely;

(b) entrusting its motor vehicle to Defendant Davon L. Carroll for use when it knew or in the exercise of reasonable care should have known that Defendant Davon L. Carroll was or may have been an incompetent and/or an unsafe driver; and

(c) failing to have or failing to utilize proper screening procedures to obtain properly skilled and competent drivers for its vehicle.

WHEREFORE, Plaintiff Benedict McGill respectfully demands judgment in favor and against Defendant Eshai Corporation d/b/a Courier Distribution Systems in an amount in excess of FIFTY THOUSAND Dollars ($50,000.00) plus costs, damages for delay, and applicable post-verdict interest.

PAUL, FLANDREAU & BERGER, LLP

By: _____
TIMOTHY A. BERGER, ESQUIRE
Counsel for Plaintiff

## VERIFICATION

I, Benedict McGill, swears and/or affirms and verifies that the statements made in this Complaint are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

_____
BENEDICT MCGILL

5