UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENEDICT MCGILL<br><br>vs.<br><br>DAVON L. CARROLL AND ESHAI CORP. D/B/A COURIER DISTRIBUTION SYSTEMS | NO. 2:18-cv-02635 |

**ANSWER OF DEFENDANT ESHAI CORP. D/B/A COURIER DISTRIBUTION SYSTEMS TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

1. Admitted upon information and belief.

2. Admitted upon information and belief.

3. Admitted.

4. Denied. Averments contained in this paragraph state conclusions of law to which no answer is required.

5. Denied. By way of further answer, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

6. Denied. By way of further answer, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

7. Denied. By way of further answer, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the

averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

8. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

9. Denied. By way of further answer, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

10. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

11. (a-e) Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

12. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

13. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

14. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

15. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

16. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

## COUNT I

17. Answering Defendant incorporates by reference its answers to all previous allegations in all previous counts as though same were fully set forth herein at length.

18. (a-k) Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

WHEREFORE, Answering Defendant demands judgment in its favor with costs.

## COUNT II

19. Answering Defendant incorporates by reference its answers to all previous allegations in all previous counts as though same were fully set forth herein at length.

20. Admitted in part; denied in part. It is admitted that Davon L. Carroll was an employee of Answering Defendant at the time of Plaintiff's alleged accident in May of 2016. The remaining averments contained in this paragraph are denied as conclusions of law to which no answer is required.

21. Admitted in part; denied in part. It is admitted that Davon L. Carroll was an employee of Answering Defendant at the time of Plaintiff's alleged accident in May of 2016. The remaining averments contained in this paragraph are denied as conclusions of law to which no answer is required.

22. (a-c) Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

WHEREFORE, Answering Defendant demands judgment in its favor with costs.

### FIRST AFFIRMATIVE DEFENSE

Jurisdiction and/or venue is/are improper as to Answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

Answering Defendant asserts the defense of forum non conveniens.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim against Answering Defendant upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

Answering Defendant asserts the defense of contributory and/or comparative negligence.

## FIFTH AFFIRMATIVE DEFENSE

All or part of the relief sought by Plaintiff's Complaint has been the subject of release, payment, and/or accord and satisfaction.

## SIXTH AFFIRMATIVE DEFENSE

Answering Defendant asserts the defense of the doctrine of avoidable consequences, or the failure to avoid, lessen, and/or mitigate one's injuries and damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and damages, if any, were proximately caused in whole or in part by the acts or omissions of persons or entities other than Answering Defendant, over whom Answering Defendant had no control, and/or by the superseding intervention of causes outside of Answering Defendant's control, and/or by pre-existing or unrelated conditions, illnesses, infirmities, and/or disabilities not caused by any act or omission of Answering Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

Answering Defendant is entitled to a setoff or credit for any sums paid by or on behalf of others in settlement or other resolution of Plaintiff's claims, injuries, and/or damages.

## NINTH AFFIRMATIVE DEFENSE

In the event it is determined that Plaintiff is entitled to recover against Answering Defendant, which is denied, then Plaintiff's recovery should be reduced in proportion to the degree or percentage of negligence or fault attributable to Plaintiff, to any other party or non-party, and/or to any force of nature or other cause.

## TENTH AFFIRMATIVE DEFENSE

Answering Defendant reserves the right to assert any additional affirmative defenses under federal or state law as may be disclosed during the course of additional investigation and discovery.

WHEREFORE, Answering Defendant prays for relief and judgment against Plaintiff as follows:

(a) That Plaintiff take nothing by reason of the Complaint;

(b) That this action be dismissed with prejudice;

(c) That Answering Defendant recovers its costs and attorneys' fees incurred in the defense of this action;

(d) That Answering Defendant have a trial by jury on all triable issues, if any; and

(e) That this Court grant such further relief as it deems just and proper.

This 7th day of August, 2018.

Respectfully submitted,

**MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY &, P.C.**

BY: */s/ Benjamin J. Tursi*
Benjamin J. Tursi, Esquire
Pa. I.D. No. 206999
MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY, P.C.
1617 JFK Boulevard, Suite 1010
Philadelphia, PA 19103
(215) 564-6688 (tel)
(215) 564-2526 (fax)
btursi@moodklaw.com
*Attorney for Defendants*

## VERIFICATION

I, BENJAMIN J. TURSI, ESQUIRE, hereby state that I am the attorney for Answering Defendant; that I am authorized to take this Verification on its behalf; that I have read the foregoing Answer of Defendant to Plaintiff's Civil Action Complaint with Affirmative Defenses; and, the averments set forth therein are true and correct to the best of my knowledge, information and belief.

Further, I understand that this Verification is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

/s/Benjamin J. Tursi
Benjamin J. Tursi, Esquire (I.D. #206999)
MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY, P.C.
One Penn Center
1617 John F. Kennedy Boulevard
Suite 1010
Philadelphia, PA 19103
(215) 564-6688
Attorney for Defendants

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENEDICT MCGILL<br><br>vs.<br><br>DAVON L. CARROLL AND ESHAI CORP. D/B/A COURIER DISTRIBUTION SYSTEMS | NO. 2:18-cv-02635 |

## CERTIFICATE OF SERVICE

I hereby certify that this 7th day of August 2018, a true and correct copy of Answering Defendant's pleading was served on all parties via electronic service of the Court and is available for viewing and downloading from the ECF system and/or by first-class mail, postage prepaid.

/s/Benjamin J. Tursi
Benjamin J. Tursi, Esquire (I.D. #206999)
MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY, P.C.
One Penn Center
1617 John F. Kennedy Boulevard
Suite 1010
Philadelphia, PA 19103
(215) 564-6688
Attorney for Defendants

{PH287597.1}